CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

DAVID J. WARD (CABN 239504)
EVAN MATEER (CABN 326848)
Assistant United States Attorneys

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    Fax: (510) 637-3724
    david.ward@usdoj.gov
    evan.mateer@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>JASBIR THANDI, SANDEEP SAHOTA, JASPREET PADDA and GUNJAN AGGARWAL<br><br>    Defendants | No. 23-CR-00428 JST<br><br>**STATUS REPORT ON RESTITUTION** |

## I.    INTRODUCTION

The defendants in this case were charged with participating in an insurance fraud scheme and conspiracy that led to the collapse of two insurance companies, Global Hawk Risk Retention Group, and Houston General Insurance Exchange. *See Dkt. 70* (Superseding Indictment). Global Hawk was domiciled and regulated in Vermont; HGIE was domiciled and regulated in Texas. All four defendants have now pled guilty. *Dkts. 94, 110, 125*. In their plea agreements, the defendants agreed to pay full restitution, as determined by the court. The government believes that the losses from the collapse of

HGIE and Global Hawk could exceed $50 million. At the change of plea hearing for defendant Jasbir Thandi (the last of the four defendants to plead guilty), the Court set a status hearing for August 29, 2025 to discuss restitution. *Dkt. 125.* The government files this Status Report to update the Court on its work to date on establishing a framework for restitution.

## II.     LEGAL STANDARD

### a.     The MVRA and the CVRA

The Mandatory Victim's Restitution Act of 1996 makes restitution mandatory for certain crimes, including "any offense committed by fraud or deceit." 18 U.S.C. § 3663A(a)(1), (c)(1)(A). In order to codify and guarantee procedural rights for crime victims, in 2004, Congress passed the Crime Victim's Rights Act (CVRA). *See Fed. Ins. Co. v. United States*, 882 F.3d 348, 357 (2nd Cir. 2018 (describing legislative history). The CVRA accords victims specific rights, including "[t]he right to full and timely restitution as provided in law." 18 U.S.C. § 3771(a)(6). Additionally, crime victims are provided the right of notice of public court proceedings, and the right to be heard in public proceedings in the district court involving (among others things) plea hearings, sentencings, and restitution hearings. 18. U.S.C. § 3771(a). A "crime victim" is defined as "a person directly or proximately harmed as a result of the commission of a Federal offense." 18 U.S.C. § 3771(e)

To fashion a restitution order, the Court must consider and determine: a) which entities and individuals are properly considered "victims" pursuant to 18 U.S.C. § 3663A(a)(2), (b) the proper amount of restitution owed to each victim pursuant to 18 U.S.C. § 3663A(b) and 3663A(b); and c) an appropriate payment schedule pursuant to 18 U.S.C. § 3664(i) and other sections. In a case involving "multiple crime victims" where the court "finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in 18 U.S.C. § 3771(a), the Court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings." 18 U.S.C. § 3771(d)(2).

### b.     Insurance Company Liquidations and Claims

Insurance companies are generally excluded from the Bankruptcy Code, and are in most cases liquated pursuant to state law and under the supervision of state courts. 11 U.S.C. § 109(b)(2). *See Oil*

*& Gas Co. v. Duryee*, 9 F.3d 771, 773 (9th Cir. 1993); *State of Idaho ex. Rel Soward v. United States*, 858 F.2d. 445, 451-451 (9th Cir. 1988); *U.S. Dep't of Treasury v. Fabe*, 508 U.S. 491 (1993).

When a traditional insurance company such as HGIE fails, a Court may order the appointment of a Liquidator to oversee the insolvent insurance company's assets and liabilities and to pay out claims if sufficient assets are available. *See* Texas Ins. Code § 443.151 *et seq.* An insurance guaranty association such as the Texas Property and Casualty Insurance Guarantee Association may step in and pay covered claims. *See* Texas Ins. Code § 462.001 *et seq*

Risk Retention Groups such as Global Hawk are also regulated and licensed by the states in which they are domiciled. 15 U.S.C. §§ 3902(b) – (f). State insurance regulators are responsible for conducting delinquency proceedings in the event that an RRG becomes impaired. 15 U.S.C. § 3902(a)(1)(E), (F), and (H).

Under Vermont state law, a Liquidator is required to be appointed to oversee the liquidation of a Vermont insurance company. *See* 8 V.S.A. § 7302(a). The Vermont Liquidator's work is governed by the Vermont Supervision, Rehabilitation, and Liquidation of Insurance Companies Act, 8 V.S.A. ch 145 (§§ 7031-7100). *Id.* The Liquidator is a public official appointed and acting under the supervision of the Liquidation Court. *Id.* Liquidators "are required to protect policyholders, other creditors, and the public interest in the administration of an estate in liquidation. *See In re Ambassador Ins. Co. Inc.* 114 A.3d 492, 498 (Vt. 2015). The "critical goal of the liquidation process [is] the protection of the public in general and policyholders in particular." *Id.*

The Liquidator has three principal roles; 1) it determines claims against the insurer, and requires that those claims be filed with the Vermont Liquidator; 2) the Liquidator holds and manages any remaining assets of the insurer, under the supervision of the Liquidation Court, and; 3) the Liquidator distributes assets to statutorily preferred creditors with the approval of the Liquidation Court. *See 8 V.S.A. §§ 7074, 7096, 7082,*

In most states, including Vermont, Texas, and California, a claimant seeking payment from an insurance company is generally required to file their claims in the jurisdiction under which the insurance company is domiciled. For example, California law directs claimants to file claims in the jurisdiction

handling liquidation, unless there is an ancillary liquidation proceeding, which is not the case here. *See* Cal. Ins. Code § 1064.5.

### III. FACTUAL BACKGROUND

The defendants in this case all pled guilty to participating in a scheme and conspiracy that resulted in the collapse and liquidation, in the spring of 2020, of Global Hawk and HGIE.

a. Global Hawk

In May 2020, the fraud at Global Hawk was discovered by regulators, and that month, the Vermont Department of Financial Regulation determined that Global Hawk was insolvent. *Dkt. 122* (Information). In June 2020, the Vermont Superior Court for Washington County issued an order placing Global Hawk in liquidation. *See Commissioner of the Dept. of Financial Regulation v Global Hawk Insurance Co.* 196-5020 Wncv (Vermont Superior Court), Feb. 28, 2025 (Liquidator's Eighth Status Report, Annual Accounting, and Fourth Report of Claims). The Vermont Court appointed the Commissioner of the Vermont DFR as the liquidator, which appointed attorneys from Davis Malm LLC as Deputy Liquidators. *Id.* The Vermont Liquidator has filed eight status reports with the Vermont Liquidation Court. *Id.* The Liquidator reported that as of the date of its filings, Global Hawk had assets of approximately $1,701,230, and liabilities of approximately $46,889,483. *Id.*

b. Houston General Insurance Exchange (HGIE)

Concurrent with their fraud that led to the collapse of Global Hawk, the defendants engaged in a separate insurance fraud scheme that led to the collapse and insolvency of HGIE. *Dkt. 122*. HGIE was a Texas-domiciled insurance company, regulated by the Texas Department of Insurance (TDI). *Id.* HGIE was required to maintain a minimum capitalization, and to file quarterly and annual reports as to its financial condition with the TDI. *Id.* The defendants admitted to participating in a scheme and conspiracy to submit false statements and documents to TDI that falsely overstated HGIE's insurance reserves. *Id.* In June 2020, Texas regulators discovered the fraud and HGIE was declared insolvent. The Court in Texas appointed the Texas Dept. of Insurance as the Liquidator, which appointed a Special Deputy Receiver (SDR) to oversee the liquidation of HGIE, including an assessment of its assets and liabilities. *See State of Tex. v. Houston Gen. Ins. Exch. & Houston Gen. Ins. Mgmt. Co.,* No. D-1-GN-

20-003004 (98th Dist. Ct., Travis County, Tex. filed 2020) (Application to Make Final Distribution and Destroy Records). Concurrent with the work of the Texas Liquidator, the Texas Guaranty Association has paid out approximately $5 million in claims. *Id.* The Liquidator in Texas estimates that HGIE's total liabilities could exceed $16.6 million.

        c.   Restitution Agreements

All four defendants have agreed in their plea agreements to pay restitution in an amount determined by the court. None have paid any restitution to date. However, defendant Thandi, as part of his guilty plea, has agreed to pay $7,550,807 in restitution no later than 30 days before sentencing. *Dkt. 129* In addition, defendant Thandi has agreed to expeditiously sell a single-family residence in Texas, two vehicles, and liquidate his 401K, and pay the net proceeds of all of these assets, towards restitution. *Id.* The parties estimate that the total restitution payments that will be made in the coming months will total approximately $9 million.

## IV. STATUS UPDATE

        a.   Preliminary Proposed Restitution Plan

The above-captioned Assistant United States Attorneys have spoken to the liquidators in Vermont as well as with both states' insurance regulators (the Vermont DFR and the Texas Dept. of Insurance). The Court has set a tentative date of September 12, 2025 for the parties to stipulate, or the government to file, a proposed plan of restitution with the Court. *Dkt. 125.* Following the status hearing on Friday, directed by the guidance from the Court, the government intends to work with the defendants in an effort to finalize and file a proposed stipulated plan of restitution.

The government proposes that it proceed on several tracks. First, as required by the CVRA, the government intends to provide notice to all reasonably identifiable victims. 18 U.S.C. § 3771(a), (d)(2). It has already publicized defendant Thandi's guilty plea and provided contact information for victims to contact the Department through the DOJ Victim Notification System (VNS). *See* https://www.justice.gov/usao-ndca/pr/former-bay-area-insurance-executive-pleads-guilty-conspiracy-commit-insurance-fraud. In addition, the government plans to propose notifying victims through the Vermont Liquidator and the Texas Department of Insurance, using the victim lists they have developed.

Shortly following the status hearing on August 29, 2025, the government intends to file a Motion for Alternative Notification describing its notification process and seeking an order allowing it to proceed in this fashion. *See e.g. United States v. Ginster*, 22-CR-374 JSC (United States' Ex Parte Motion for Alternative Victim Notification Pursuant to 18 U.S.C. § 3771(d)(2).

Separately, the government will ask the Vermont Department of Financial Regulation and its liquidator, as well as the Texas Department of Insurance, if they so choose, to propose to the government, the defendants, and the Court a plan to administer the distribution of any restitution obtained in this case. Any restitution plan proposed by Texas or Vermont would have to comply with the CVRA and the MVRA, including providing regular updates to this Court.

The government will also propose that before issuing any order of restitution, that the Court (or any appointed magistrate judge) hold a hearing to review all victim claims and to take testimony and receive briefing on an equitable plan for restitution. *See* 18 U.S.C. § 3663A. To fashion a restitution order, the Court must consider and determine: a) which entities and individuals are properly considered "victims" pursuant to 18 U.S.C. § 3663A(a)(2); b) the proper amount of restitution owed to each victim pursuant to 18 U.S.C. § 3663A(b) and 3663A(b); and c) an appropriate payment schedule pursuant to 18 U.S.C. § 3664(i).

Following that hearing, the parties would then urge to Court to issue an order of restitution based on the parties' proposed plan of distribution and any findings from the restitution hearing.

b. <u>Special Master</u>

While the government is not recommending this course at this time, we bring to the Court's attention that it may be empowered to appoint a special master to oversee the restitution process. *See e.g. United States v. Lindberg* (Order Appointing Special Master) 2025 WL 285324 (W.D.N.C., January 23, 2025). In *Lindberg*, the district court appointed a special master to oversee the collection of assets from a defendant who pled guilty to insurance fraud, and the determination of restitution claims and the distribution of assets. Courts have appointed special masters in similar cases. *See also United States v. Vaughan*, 2008 WL 511302 (W.D.N.C. 2008).

While a special master will undoubtedly bring expertise and a neutral perspective to the

restitution process, it will also increase costs – perhaps significantly – thus reducing the amount that can be paid to victims. Because there are two state insurance regulatory regimes that may be better equipped to more quickly and efficiently distribute any funds collected in restitution, the government believes that this course should be fully explored first before any consideration of a special master.

## V.     CONCLUSION

The government has filed this status report to brief the Court and the defendants on its tentative proposed plan.   Following the status hearing on Friday, the government will seek to fashion a stipulated restitution plan as directed by the Court.

DATED: August 27, 2025                    /s/ *David Ward*
                                          DAVID J. WARD
                                          EVAN MATEER
                                          Assistant United States Attorneys